**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**UNITED STATES OF AMERICA,**                                              **PLAINTIFF**

**v.**                              **CASE No. 07-2067**

**$9,950.00 in UNITED STATES CURRENCY;**                                   **DEFENDANT**

**and**

**MICHAEL EAKIN**                                                          **CLAIMANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are the Claimant's Motion for Judgment on the Pleadings and/or Summary Judgment (Doc. 9), Statement of Facts (Doc. 10), and Brief (Doc. 11), as well as the Government's Response (Doc. 13), Brief (Doc. 14), and the Claimant's Reply (Doc. 17).  For the reasons stated herein, Claimant's Motion for Judgment on the Pleadings and/or Summary Judgment is **DENIED**.

**I. Introduction**

In this civil forfeiture proceeding, the Government seeks to confiscate $9,950.00 in cash found in a package shipped by a third-party from California to Arkansas via the United Parcel Service ("UPS"). An administrative forfeiture proceeding was initiated against the $9,950.00 on June 25, 2007. Plaintiff alleges the $9,950.00 found in the UPS package was used or intended to be used in exchange for controlled substances, or represents proceeds of trafficking in controlled substances; or was used or intended to be used to facilitate a violation of

Title II of the Controlled Substances Act of 21 U.S.C. §§ 801 et seq. On August 6, 2007, the Claimant filed a Verified Statement of Interest, as required under the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, specifically Rule C(6)(a), in which he claimed that he was the owner of the $9,950.00 and that it arose from a non-drug related activity. In his Motion to Dismiss, the Claimant argues that the Government has not adequately established "a 'substantial connection' between the property and the offense" to justify its forfeiture under the Controlled Substances Act, 21 U.S.C. § 881(a)(6).

**II. Background**

    **A. Procedural History**

On June 25, 2007, the Government filed a civil complaint for forfeiture in rem against the subject property. On August 6, 2007, the Claimant, Michael Eakin, filed a Motion for Judgment on the Pleadings and/or Summary Judgment. On August 14, 2007, the Government filed a response to the Claimant's motion. On August 16, 2007, the Claimant filed a reply to the Government's response.

    **B. Factual Background**

The following facts are derived from the affidavit of Special Agent Maria M. Barbee ("SA Barbee") of the Drug Enforcement Administration ("DEA"). The affidavit was submitted

as an exhibit to the complaint.

On December 29, 2006, the Fort Smith Police Department was contacted by a security officer with UPS in Fort Smith who reported the discovery of a package containing a large amount of U.S. currency. A delivery driver reportedly noticed the package had broken open after another package fell on it, and saw a large amount of U.S. currency inside. DEA Fort Smith Post of Duty Task Force Officer Paul Smith ("TFO Smith") and Special Agent Kerry Keeter ("SA Keeter") responded to the UPS Distribution Center. SA Keeter examined the package, and saw the currency and dark grey foam rubber inside. The label on the package listed the sender as Adam Saunders, and the intended recipient as Michael Eakin, with a Fort Smith, Arkansas address. The package had been mailed from a UPS Store in Alta Loma, California on December 28, 2006.

Corporal Mike Bowman of the Van Buren Police Department arrived at UPS with his drug certified canine. He hid the package containing the currency in the undercarriage of a UPS truck, and ran his canine over the truck. The canine located the area where the package was secreted and responded with a positive alert. On January 3, 2007, the currency was examined by a chemist at the Arkansas Crime Lab. It tested positive for the presence of THC (marijuana). TFO Smith and SA Keeter interviewed the claimant, Michael Eakin, at his residence on

December 29, 2006.  Eakin claimed the money constituted a portion of a gambling debt owed to him, denied it was drug related, and declined to identify the person who owed him the debt.

On February 8, 2007, SA Keeter conducted a telephone interview with Adam Saunders, and his attorney, Mark Harris. Saunders stated that he owns Alta Loma Limo service with his wife.  Saunders stated that he caters to his clients, sometimes working as a sort of "concierge" doing errands like picking up dry cleaning for them.  According to him, these favors are done in the strictest of confidence and he doesn't do anything unreasonable or illegal for them.  When asked about the details of mailing money, he said that around Christmas 2006 he was asked by a client to send $10,000.00 in cash to Michael Eakin in Arkansas.  He said he did this as a favor to his client and that he did not inquire nor was he told the origin of the money.  He said his client was not present when he mailed the currency.  He declined to identify his client, and said that he was not acquainted with Michael Eakin.

Based upon the information provided in her affidavit, SA Barbee believes there is sufficient evidence to believe the $9,950.00 seized is drug proceeds or intended to be used in exchange for controlled substances.

AO72A
(Rev. 8/82)

**III. Standard of Review**

    **A.    Judgment on the Pleadings**

A motion for a judgment on the pleadings, Federal Rule of Civil Procedure 12(c), may be brought any time after the pleadings have closed, and courts analyze such motions under the same standards that govern a motion to dismiss for failure to state a claim, Federal Rule of Civil Procedure 12(b)(6). *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990). As a result, a judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Faibisch v. University of Minnesota,* 304 F.3d 797, 803 (8th Cir. 2004). A disputed fact is "material" if it must be inevitably resolved, and that resolution will determine the outcome of the case. *Jenkins v. Southern Farm Bureau Casualty,* 307 F.3d 741, 744 (8th Cir. 2002). In order to make such a determination, we accept as true, all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party. *Syverson v. Firepond, Inc.,* 383 F.3d 745, 749 (8th Cir. 2004). However, we need not accept as true, wholly conclusory allegations, or unwarranted factual inferences. *Hanten v. School Dist. Of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999).

AO72A
(Rev. 8/82)

### B.   Summary Judgment

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250,(1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The Eighth Circuit has set out the burdens of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Counts v. M.K. Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Corp.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted) (brackets in original)). "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the

AO72A
(Rev. 8/82)

record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise provided in Federal Rule of Civil Procedure 56, must set forth specific facts showing that there is a genuine issue of for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1985). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249. The plain language of Federal Rule of Civil Procedure 56(c) mandates the entry of summary judgment against a nonmoving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. A court is required to view the facts in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.

*United States v. Friedrich*, 402 F.3d 842, 845 (8th Cir. 2005).

**IV. Discussion**

The Claimant seeks dismissal and/or summary judgment in this case arguing that the Government has failed to establish probable cause for forfeiture or a "substantial connection" between the money and drug activity. He further alleges that all currency is tainted with illegal drugs. (Doc. 11-1). The Government asserts that a complaint may not be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property, pursuant to the general rules for civil forfeiture proceedings, found at 18 U.S.C. § 983 and Rule G of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). Further, the Government contends that all currency is not tainted with drug residue, and that there are sufficient facts in this case to support a reasonable belief that the Government will meet its burden. (Doc. 14).

Pursuant to 21 U.S.C. § 881(a)(6), any moneys, negotiable instruments, securities or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 18 U.S.C. §§ 841 and/or 846, and all proceeds traceable to such an exchange, are subject to forfeiture by the United States.

-8-

**AO72A**
**(Rev. 8/82)**

However, no property shall be forfeited by reason of any unintentional act or omission on the part of the owner of such property.

Congress significantly modified civil forfeiture procedures with the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), codified at 18 U.S.C. § 983. Prior to the passage of the CAFRA, the Government had the burden of establishing "probable cause" in the complaint that the property was forfeitable. However, under CAFRA, the burden of proof is "a preponderance of the evidence". The Government may use evidence gathered after the filing of a complaint for forfeiture to establish that property is subject to forfeiture. When the Government claims that property is subject to forfeiture because it was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense. 18 U.S.C. § 983(c)(1-3). Accordingly, the court must evaluate the facts and determine whether, under the totality of credible evidence presented, the Government has proved by a preponderance of the evidence that the seized property was used to commit or facilitate the commission of a drug trafficking crime. *U.S. v. One Lincoln Navigator 1998*, 328 F.3d 1011, 1013 (8th Cir. 2003)

CAFRA states that "no complaint may be dismissed on the

AO72A
(Rev. 8/82)

ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property". 18 U.S.C. § 983(a)(3)(D). Rule G(b)(ii) states "in an action governed by 18 U.S.C. § 983(a)(3)(D) the complaint may not be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property. The sufficiency of the complaint is governed by Rule G(2)." Rule G(2)(f) states the complaint must "state sufficiently detailed facts to support a "reasonable belief" that the Government will be able to meet its burden of proof at trial". *See Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions.*

The Claimant seeks a judgment on the pleadings in his favor. A judgment on the pleadings, Federal Rule of Civil Procedure 12(c), is governed under the same standard as a motion to dismiss for failure to state a claim, Federal Rule of Civil Procedure 12(b)(6). *St. Paul Ramsey County Medical Center v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988). In determining whether a judgment on the pleadings is appropriate, the Court must determine whether there are any material issues of fact which remain to be resolved. However, civil forfeitures by the United States are subject to a specific set of rules and procedures. At the time of the filing, the Government's allegations must be sufficient to allow the

Claimant to commence an investigation and frame a response. This Court finds that the Government has stated allegations sufficient to allow the Claimant to commence an investigation and frame a response. Accordingly, the Claimant's Motion for a Judgment on the Pleadings is **DENIED**.

In considering the motion for summary judgment, under CAFRA, the question is whether the facts alleged by the Government are sufficient to demonstrate a "reasonable belief" that the Government will be able to meet its burden of proof at trial. The only evidence proffered by the Government connecting the subject property to an illegal drug transaction in this case is the fact that a drug-sniffing canine alerted on the package containing the cash, and the "suspicious" circumstances regarding the shipment of the cash. Specifically, the Claimant alleges the cash is payment for a gambling debt owed to him, while Mr. Saunders, the third-party that shipped the package, alleges he did so at the request of a client. However, neither the Claimant nor Mr. Saunders is willing to disclose the identity of the person whose money was shipped.

The Claimant has cited numerous cases in which the evidentiary value of an alert by a drug-sniffing canine has been called into doubt. For example, expert testimony has been offered in other cases suggesting that between 70 and 97 percent of all bills in circulation in this country are contaminated by

cocaine. *See United States v. $5,000 US Currency,* 40 F.3d 846, 849-50 (6th Cir. 1994). The Eighth Circuit has also concluded that a dog alert is "virtually meaningless" because "an extremely high percentage of all cash in circulation in America today is contaminated with drug-residue". *Muhammed v. DEA, Asset Forfeiture Unit,* 92 F.3d 648, 653 (8th Cir. 1996). If, in fact, such a large percentage of bills are contaminated with drugs, then an alert by a drug-sniffing dog that a bundle of bills is contaminated is of limited probative value. The Claimant argues that given the high percentage of contaminated bills in circulation in the United States, the dog's alert does not, standing alone, establish that the subject cash was necessarily involved in a drug transaction.

The Government contends that the cases cited by the defendant are outdated and that recently, courts have accepted more accurate scientific testimony establishing the reliability of a positive dog alert as evidence that bills have been recently contaminated with illegal drugs. *See United States v. $159,880 in US Funds*, 387 F.Supp.2d 1000, 1015 (S.D. Iowa 2005) *citing United States v. Funds in the Amount of Thirty Thousand Six Hundred Seventy Dollars*, 403 F.3d 448, 460 (7th Cir. 2005)(concluding that the information provided in the case indicated that dog alerts to currency should be entitled to probative weight,...); *United States v. $141,700.00 in U.S.*

-12-

*Currency,* 157 F.3d 600, 604 (8th Cir. 1998)(concluding that drug dog's alert to seized money was circumstance supporting Government's contention that currency at issue was substantially connected to illegal drugs).

It is not the role of the Court at this stage in the litigation to resolve these conflicting legal opinions. The Court considers the drug alert as one factor among several in determining whether, under the totality of the circumstances, the Government has met its burden of establishing that a reasonable suspicion exists that the confiscated property was related to an illegal drug transaction. *See United States v. $117,920.00 in U.S. Currency*, 413 F.3d 826,829 (8th Cir. 2005). There are many factors in which the Court would consider in examining the totality of the circumstances, including the use of a third-party to ship a large sum of cash with drug residue from California to Arkansas, the canine drug alert, the chemical presence of drug residue, and the undisclosed identity of the person whose behalf the cash was shipped. For the Court to determine the veracity of the Claimant's statements that the money is not drug related would require the Court to judge the evidence and its weight, which is an impermissible step at summary judgment. While a finder of fact may well determine the Government has not met its burden of proving a "substantial connection" between the currency and drug activity, any such

-13-

determination by the Court is not permissible at this stage in the proceedings.

**V. Conclusion**

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings and/or Summary Judgment is **DENIED**.

**IT IS SO ORDERED** on this 29th day of October, 2007.

>*/s/ Robert T. Dawson*
>Robert T. Dawson
>United States District Judge

AO72A
(Rev. 8/82)